THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W. SCOTT GRECO,<br><br>　　*Plaintiff*,<br>v.<br><br>ERIC QUETGLAS-JORDAN, *et al.*,<br><br>　　*Defendants.* | Civ. No. 24-01035 (MAJ) |

## OPINION AND ORDER

**I.    INTRODUCTION**

On July 13, 2024, Eric Quetglas-Jordan, *et al.* ("Defendants"), filed a Motion to Dismiss for Failure to Serve Within 90 Days. (**ECF No. 8**). In their motion, Defendants request the Court dismiss the instant Complaint, as Plaintiff failed to effect service of process within the 90-day period outlined in Fed. R. Civ. P. 4(m). *Id.*

On July 8, 2024, W. Scott Greco ("Plaintiff"), filed a Response to the Court's June 25, 2024, Order to Show Cause (**ECF No. 5**), arguing that Defendants have accepted service or, alternatively, that Plaintiff has taken reasonable actions to obtain service and thus, the time for service should be extended as required by Fed. R. Civ. P. 4(m) (**ECF No. 6 at 1**). For the reasons stated below, Defendants' Motion to Dismiss for Failure to Serve (hereinafter the "Motion") is **DENIED**.

## II. BACKGROUND

On January 23, 2024, Plaintiff filed a Complaint against Defendants for unpaid attorney's fees. (**ECF No. 1**). On February 6, 2024, Plaintiff emailed and mailed the filed Complaint, waivers of service pursuant to Fed. R. Civ. P. 4(d) and return envelopes to Defendants. (**ECF Nos. 6, 6-1**). On March 22, 2024, Defendant Quetglas sent an email to Plaintiff stating:

> I will be willing to sign and return the waiver request that you sent, if . . . you agree to . . . attend the taking of your deposition as scheduled. If you confirm your acceptance in writing, I will proceed to sign and return the waiver request.

(**ECF No. 6-3 at 2**). That same day, according to Defendant Quetglas' Motion, "Attorney Greco did attend his oral deposition in the PR lawsuit, but he failed to produce certain payment records that had been requested." (**ECF No. 8 at 5**). In essence, Defendants now characterize this as Plaintiff's failure to fully comply with the terms of their arrangement—that is—appearing for a deposition in exchange for a waiver of service. Thus, Defendants contend this absolves them of their obligation regarding the "proposed agreement to waive service." *Id*. at 5-8. With this backdrop, Defendants filed the Motion at bar, moving to dismiss the Complaint for untimely service of process. (**ECF No. 8**).

## III. DISCUSSION

The timing of service of process is governed by Fed. R. Civ. P. 4(m), which states in relevant part that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See Roosevelt Cayman Asset Co. v. Est. of Villafañe-Resto*, 18-cv-1497, 2019 U.S. Dist. LEXIS 253743, at *4-5 (D.P.R. Aug. 12, 2019). The explicit language of Fed. R. Civ. P. 4(m)

instructs the court to provide additional time for service if there is good cause for a plaintiff's failure to effect service within 90 days after filing the complaint. *Id*. The First Circuit has held that evasion of service by the defendant is good cause for failure to serve. *Id*. (citing *Ruiz Varela v. Sánchez Vélez*, 814 F.2d 821 (1st Cir. 1987)).

In the matter presently before the Court, Plaintiff has shown good cause for the failure to effect service within the prescribed 90-day period. Plaintiff duly sent the Complaint and waivers of service to Defendant Quetglas, who, rather than returning them, exploited the situation to secure an advantage in an unrelated state court matter. (**ECF No. 6-3**). Defendants' email correspondence demonstrates they were aware of this lawsuit and deliberately avoided accepting service. (**ECF No. 6-3**); *see Dunkin' Donuts Franchising LLC v. Nance Pretto Simmons*, 17-cv-11152, 2017 WL 11685096, at *3 (D. Mass. Nov. 2, 2017) (internal citation omitted) (finding plaintiffs evidence that defendants had recently communicated with plaintiffs' by email "indicates that plaintiffs' proposed means of service is not only 'appropriate in the circumstances and reasonably calculated to give actual notice' but that defendant likely already has actual notice of this lawsuit.").

Defendants' gamesmanship and evasion of service will not be tolerated. Defendants cannot use service of process as a bargaining chip while attempting to evade the Federal Rules of Civil Procedure. *See Total Petroleum Puerto Rico Corp. v. Quintana*, 16-cv-2979, 2016 WL 6998612, at *2 (D.P.R. Nov. 30, 2016) ("defendants may not thwart this Court's jurisdiction and authority to issue timely remedies by simply attempting to evade service of process."). Therefore, the Court deems that Defendants have been served.

Even if Defendants' conduct was not outright evasion of service—which would nullify any "good cause" extension—the Court can weigh multiple factors in deciding

whether to extend time for service. *Moreno-Pérez v. Toledo-Dávila*, 266 F.R.D. 46, 50 (D.P.R. 2010). These factors include, "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer … prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *United States v. Tobins*, 483 F.Supp.2d 68, 79–80 (D. Mass. 2007).

Here, Defendants' Motion simply argues Plaintiff failed to establish good cause for failing to request an extension of time to serve process. (**ECF No. 8 at 2-3, 9-11**). Defendants do not offer any reasons why they would be prejudiced by an extension under Rule 4(m), and the Court discerns no reason why they would be. *González-Droz v. González Colón*, 06-cv-2263, 2009 WL 2843338, at *3 (D.P.R. Aug. 31, 2009) (noting "prejudice has been defined in the context of service as 'involv[ing] impairment of defendants ability to defend on the merits, rather than foregoing … a procedural or technical advantage" and since defendants did not show that the delay had affected their ability to defend themselves on the merits, the Court found "dismissal on [that] ground is unwarranted.").

Mindful of the First Circuit's preference for adjudication on the merits, the Court finds dismissing Plaintiff's Complaint would be a severely disproportionate remedy given Defendants received actual notice of the suit. *See Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989); *Moreno-Pérez v. Toledo-Dávila*, 266 F.R.D. 46 at 50.

## IV. CONCLUSION

For the reasons discussed, Defendants' Motion to Dismiss for Failure to Serve (**ECF No. 8**) is **DENIED**. Defendants will be deemed to have been served as of the date of this Opinion and Order. Defendants have 21 days, pursuant to Fed. R. Civ. P 12(a)(1)(A)(i) to appear or otherwise answer.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of August, 2024.

> **/s/ María Antongiorgi-Jordán**
> **MARIA ANTONGIORGI-JORDAN**
> **UNITED STATES DISTRICT JUDGE**