THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| W. SCOTT GRECO,<br><br>    *Plaintiff*,<br>v.<br><br>ERIC QUETGLAS-JORDAN, *et al.*,<br><br>    *Defendants*. | Civ. No. 24-01035 (MAJ) |

**OPINION AND ORDER**

### I. Introduction

This case presents a contractual dispute between two attorneys who previously worked as co-counsel pursuant to a split-fee arrangement. On August 26, 2024, Eric Quetglas-Jordan, *et al.* (hereafter "Defendant"), filed a Motion to Dismiss, requesting that the Court dismiss or stay the instant Complaint on abstention grounds. (**ECF No. 10**). On September 3, 2024, W. Scott Greco (hereafter "Plaintiff"), filed a Memorandum in Opposition to the Defendant's Motion to Dismiss. (**ECF No. 13**). For the reasons stated below, Defendants' Motion is **DENIED**.

### II. Background

According to the allegations in the Complaint, Plaintiff is an attorney specializing in Financial Industry Regulatory Authority arbitrations. (**ECF No. 1 at 2 ¶ 6**). In approximately 2018, Plaintiff entered into an agreement with Defendant, an attorney licensed to practice in Puerto Rico, and Luis Miñana (hereafter "Mr. Miñana), also an attorney licensed to practice in Puerto Rico. *Id*. at 4-5 ¶ 12.

By the terms of their agreement, Plaintiff, Defendant, and Mr. Miñana agreed to act as co-counsel in a series of FINRA arbitrations and to share the resulting attorneys'

fees evenly. *Id*. Over the next several years, Plaintiff, Defendant, and Mr. Miñana collaborated on numerous cases pursuant to their agreement. *Id*. ¶¶ 14, 15.

Disputes between the three parties later arose concerning their split-fee arrangement. In 2020, Defendant filed suit against Mr. Miñana in the Court of the First Instance of Puerto Rico, San Juan Superior Court (hereafter "the Court of the First Instance"). *Id*. at 9 ¶ 26; **(ECF No. 10 at 5 ¶ 15)**. Subsequently, on January 3, 2024, Plaintiff filed the instant Complaint against Defendant, alleging breach of contract, conversion, fraudulent inducement, and breach of fiduciary duty claims in connection with three arbitration matters on which Plaintiff and Defendant worked as co-counsel. **(ECF 1 at 18-20)**. On June 26, 2024, several months after this lawsuit was initiated, Defendant filed an interpleader complaint in the Court of the First Instance, seeking to compel Plaintiff's appearance in that matter. **(ECF No. 10 at 8 ¶ 31)**.

On August 26, 2024, Defendant filed the instant Motion to Dismiss, requesting that the Court dismiss or stay this case on abstention grounds.[1] **(ECF No. 10)**. On September 3, 2024, Plaintiff filed an Opposition to the Motion, and on September 10, 2024, Defendant filed a Reply to that Opposition.[2] **(ECF Nos. 13, 18)**.

---

[1] The instant Motion to Dismiss was filed by Defendant with no less than 47 pages of Spanish language exhibits attached. Pursuant to Local Rule 5(c), "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English[.]" Accordingly, the Court gives no consideration to the exhibits attached to Defendant's Motion.

[2] Defendant's Motion to Dismiss improperly devotes approximately eight pages to developing a series of purportedly "uncontested" facts. In turn, Plaintiff's Response brief improperly devotes approximately seven pages to contesting the factual allegations in Defendant's Motion. Finally, in Defendant's eighteen-page Reply brief, Defendant commits no less than ten single-spaced pages to summarizing all purportedly "uncontested" facts improperly brought before the Court. *See* Local Rule 147(c) ("the moving party may file a reply not to exceed (15) pages or 6,000 words in length. All replies shall be strictly confined to replying to new matters raised in the opposition."). The Court gives no consideration to these improperly filed factual allegations. As noted below, the Defendant is directed to file an Answer to the Complaint within twenty-one (21) days of this order.

### III. Applicable Law and Analysis

Under the doctrine established by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), a federal court may, "based on considerations of wise judicial administration," abstain from exercising jurisdiction where there is a parallel state court proceeding. *See Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010) (citations and quotations omitted). The mere existence of parallel litigation in state court, however, will not ordinarily justify abstention. *Id.* Instead, given that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, abstention is warranted only under "limited" and "exceptional" circumstances presenting the "clearest of justifications." *Río Grande Cmty. Health Ctr., Inc. v. Rullán*, 397 F.3d 56, 71 (1st Cir. 2005). Where there is reason to doubt that the parallel state action would effectively resolve all claims in the federal case, "it would be a serious abuse of discretion" for a federal court to abdicate jurisdiction over the matter. *Glassie v. Doucette*, 55 F.4th 58, 64 (1st Cir. 2022). There is, therefore, a "heavy presumption" against dismissing a case on *Colorado River* grounds. *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 13 (1st Cir. 1990); *see also Rullán,* 397 F.3d at 71 (1st Cir. 2005) ("[T]he district court's discretion whether to dismiss a case on *Colorado River* grounds should be heavily weighted against dismissal").

To determine whether abstention is warranted on *Colorado River* grounds, the Court must apply a two-part test. *See Alexandrino v. Jardín de Oro, Inc.*, 573 F. Supp. 2d 465, 473–74 (D.P.R. 2008). First, the state level proceeding will only be considered "parallel" for abstention purposes where it involves "substantially the same parties" litigating "substantially the same issues." *Martínez-Rosado v. Instituto Médico Del Norte*, 145 F. Supp. 2d 164, 170 (D.P.R. 2001); *see also Amvest Corp. v. Mayoral Army*,

3

778 F. Supp. 2d 187, 197-98 (D.P.R. 2011) ("The proceedings are considered to be parallel if they involve the same parties and substantially identical claims, raising nearly identical allegations and issues") (quotations and citations omitted). To find that state and federal cases are parallel, there need not be a "perfect identity of issues." *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 533 (1st Cir. 1991). Nevertheless, abstention is favored only where the two cases are sufficiently "parallel" such that the resolution of the state litigation would render the federal action moot. *Heck-Dance v. Inversiones Isleta Marina*, No. CIV 09-2097, 2010 WL 3810013, at *6 (D.P.R. Aug. 25, 2010) citing *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529 (1st Cir.1991)) and *Currie v. Group Ins. Commission*, 290 F.3d 1, 10 (1st Cir.2002). Second, if the first part of the test is satisfied, the Court must consider the balance of interests according to a number of factors.[3]

The Court need not address the second part of the test here, however, because Defendants have failed to establish that there is a "parallel" matter pending in state court.[4] First, the parties to this case are not substantially the same as the parties to the state court

---

[3] Such factors include: (1) whether either court has assumed jurisdiction over a res; (2) the geographical inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction. *See Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2012).

[4] Moreover, even if the two lawsuits were "parallel" for the purposes of the *Colorado River* doctrine, the Court does not find that the balance of interests would weigh in favor of abstention. For one, although the Defendants stress at length in their filings that Plaintiff's claims require this Court to assume jurisdiction over a res, that is not accurate; Plaintiff has filed a breach of contract claim for money damages. The Court is therefore not required to assume jurisdiction over a res to adjudicate this matter. Moreover, Defendants have not established that this forum is geographically inconvenient. There is nothing to suggest that this lawsuit is merely "vexatious" or "contrived." And neither have Defendants shown that the simultaneous adjudication of the two cases will result in any more than "routine inefficiency." *See Villa Marina*, 915 F.2d at 16; *see also Rojas–Hernández v. Puerto Rico Elec. Power Authority*, 925 F.2d 492, 496 (1st Cir.1991) (noting that "under *Colorado River* [...] such inefficiency as results merely from a duplication of effort will not, by itself, justify the surrender of federal jurisdiction," rather, "the narrow exception exists only where piecemeal adjudication gives rise to special complications.").

litigation in question. Indeed, the parties do not dispute that Plaintiff is not–and has never been–a party to the pending state court case. In the pending state court matter, Defendant has sued the law office of Mr. Miñana. While Defendant stresses that he has attempted to interplead Plaintiff in the pending state matter, the existence of a pending interpleader complaint does not alter the simple fact that Plaintiff is not involved at this time in the state court litigation. (**ECF No. 10 at 16**). By the same token, the pending state court case cannot moot the claims brought by Plaintiff in this matter, because the state court does not have the authority to resolve the rights of Plaintiff, a non-party to the state court lawsuit, vis-à-vis Defendant.[5] As such, there is no disposition of the claims currently pending in state court that would comprehensively dictate the outcome of this litigation.[6] The two pending matters thus do not involve "substantially identical claims." For that reason, the Court finds that abstention is not warranted in the instant case.

## IV.   Conclusion

For the foregoing reasons, the Court finds that abstention is not warranted. Defendants' Motion to Dismiss or Stay the instant matter is accordingly **DENIED.** Defendants are hereby directed to file an Answer within 21 days of this Opinion.

---

[5]      As noted above, it is worth reiterating once more that, because the exhibits filed by Defendants documenting the history of the state court case in question are Spanish-language documents without a certified translation, the Court has not reviewed the substance of those exhibits. *See* United States District Court for the District of Puerto Rico Local Rules, Rule 5(c) ("Serving and Filing Pleadings and Other Papers") ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English[.]"

[6]      While it is possible, in theory, that certain issues in this case could be settled by the application of the doctrine of non-mutual offensive collateral estoppel, that would not have the effect of resolving the entire controversy before the Court. In any event, this possibility tends to mitigate any risks of administrative inefficiency and piecemeal litigation.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of October, 2024.

<u>*/s/ María Antongiorgi-Jordán*</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**